# Taylor *versus* Abbott.

*One Verdict and Judgment in Ejectment, when conclusive.—Estoppel in pais.*

1. The rule that one verdict and judgment on an equitable title is conclusive between the parties, and a bar to any subsequent ejectment for the same land, applies only where the action is to be regarded as a bill in equity and not as a possessory ejectment at common law.

2. Therefore, in an action of ejectment brought for land bought under articles of agreement and paid for, one verdict against the title claimed is not conclusive, because no conditional verdict could be required, and, therefore, nothing like a decree in equity for specific performance.

3. A. by articles of agreement bought and paid for five acres of land, out of a larger tract which B. the vendor had in possession, but without title until he had paid for it: failing to pay, C., his brother, paid for it and took the title—at the execution of the agreement C. was present as a witness, and assisted in measuring off the land. Afterwards F., claiming under A., brought ejectment against B., who was in possession of the five acre tract, and a verdict was rendered against B., but in favour of C., who had been admitted as a co-defendant. In a second ejectment brought by T. against C., on the ground

[Taylor v. Abbott.]

that he was estopped by his acts and declarations at the time of A.'s purchase from setting up his after-acquired title, the former verdict and judgment were given in evidence as a bar to the plaintiff's recovery: *Held*, that as no decree in equity was needed in the action against C., who was not a party to the agreement, and estopped from setting up his after-acquired title, if at all, by his acts and declarations only, so one verdict and judgment against the plaintiff's title was not a bar; and that T. might recover, though his claim had been tried and defeated in one action of ejectment.

ERROR to the Common Pleas of *Crawford county.*

This was an action of ejectment brought in the court below by Peter H. Taylor against Abdin Abbott, for five acres of land in Crawford county.

The case was this :—

Sometime in 1835 or 1836, the defendant, Abdin Abbott, and his brothers Ananias and John, entered into articles of agreement with the executors of Daniel Perkins, for the purchase of two hundred acres of land at two dollars and a half per acre. Immediately afterwards, they divided the land into three equal parts, and each one took possession of one of these parts as his share of the purchase. In November 1858, while each one was in actual possession of his part, Cornelius Hall, under whom the plaintiff claims, purchased from Ananias five acres off the piece in his possession. Abdin Abbott, the defendant, was present at the execution of the contract between Ananias and Hall, witnessed it, heard it read, and, immediately upon its execution, assisted in measuring off the five acres to Hall, who paid the purchase-money, took actual possession of the land, cleared it, built a blacksmith shop and log-house on it. The contract between Ananias and Hall provides for a deed when one is obtained from the executors of Perkins. Nothing was said by Ananias and Abdin as to the nature of the agreement with Perkins's executors, which was, that no title could be had till the two hundred acres were paid for. Ananias failed to pay for his share. The parties having failed to pay the purchase-money, ejectment was brought in 1845 by Perkins's executors, when the contract was surrendered. Afterwards, a new contract was made, and in 1853 the executors conveyed the land to Abdin and John Abbott, and A. G. Munsor. Ananias never paid any portion of the purchase-money. It was not alleged or denied, that Abdin had bought from Ananias his interest in the contract with Perkins's executors; but he permitted Ananias to have possession of a part, embracing the five acres in dispute.

To August Term 1858, the plaintiff, claiming under Hall, brought ejectment for these five acres against Ananias, who was in actual possession. Abdin applied to be admitted as a co-defendant, and was admitted by the court. A trial was then had, and verdict rendered against Ananias and in favour of Abdin.

5 WR.—23

[Taylor *v.* Abbott.]

To August Term 1860, a second ejectment (the present case) was brought against Abdin, and the verdict and judgment in the former suit were given in evidence as a bar to the plaintiff's recovery—and whether it was a bar was the main question to be disposed of.

The plaintiff requested the court to charge the jury:—

1. If the defendant, Abdin Abbott, was present when Hall purchased from Ananias Abbott, brother of defendant, and signed the article as witness, and knew that Ananias held only article of agreement with executors of Perkins's estate, and had not paid the purchase-money, but afterwards paid on his article, more than twice as much as would pay for five acres, and he subsequently pays the balance due on the article of Ananias, he holds the five acres in trust for Hall and all claiming under him.

2. If Abdin Abbott, the defendant, John Abbott and Ananias Abbott articled with executors of Perkins's estate for two hundred acres of land, and then divided it into three equal parts amongst themselves, assigning to each one an equal share, and Ananias, in presence of Abdin, sold five acres of his part to Hall, and Abdin witnessed the article between Ananias and Hall, and acquiesced in promise of a deed to Hall, when they got deed from Perkins's executors, and made no objection to the sale, and afterwards paid what was due from Ananias and procured the title to himself from Perkins's executors, he is now estopped from claiming against Hall and those under him.

3. If, at the time of sale by Ananias to Hall, Abdin was present, and by his words and acts encouraged the sale with assurance of Ananias, in his presence, that deed would be given when one was got from Perkins's executors, and was silent as to any right in himself to acquire the legal title, and he afterwards, under his right, acquired a legal title; he is estopped from setting up any claim against Hall and those under him.

The defendant's counsel requested the court to charge :—

1. The record and verdict with judgment thereon in the former action of ejectment, for the same land and between the same parties, to No. 200, August Term 1858, is evidence of the title in this case, and is a bar to the present action.

2. If Ananias paid no part of the purchase-money to Perkins's executors (the original vendors), the simple fact that he may have been a joint contractor with the defendant and others, does not give him and those contracting with him, any title upon which to recover against the defendant, who had subsequently paid his money and obtained a legal title.

3. The plaintiff not having the legal title to the land in controversy, but relying upon an implied or resulting trust resting in parol, which occurred, if at all, more than five years previous to the bringing of this suit, is barred from maintaining this

[Taylor v. Abbott.]

action, by the provisions of the Act of Assembly of the 22d of April 1856.

4. The parol recognition of the contract between Ananias Abbott and Cornelius Hall by the defendant, at a time when it is shown that nothing had been paid by Ananias Abbott, under whose contract the plaintiff founds his action, and when it was reasonable to expect that Ananias Abbott would pay the purchase-money, and thus acquire a right to fulfil the contract, does not affect or prejudice the defendant, if he had afterwards had to pay the whole purchase-money, and Ananias did not pay any part thereof, or get any legal title.

5. There is no privity of title between the plaintiff and defendant, and consequently the latter cannot be adjudged the trustee of the former, especially as it does not appear that plaintiff was induced to purchase the contract, or acquire the interest, by anything said or done by the defendant.

6. That, upon the plaintiff's own showing, he is not entitled to recover in this ejectment.

The court below held the verdict and judgment conclusive, and under the ruling in Seitzinger v. Ridgeway, 9 Watts 496, the Act of April 30th 1850, and the construction given to it in Peterman v. Huling, 7 Casey 432, directed the jury to find for the defendant.

The plaintiff thereupon sued out this writ, and assigned for error the refusal of the court to answer his second and third points, and in holding that the former verdict and judgment were conclusive of the title in this case.

*D. M. Farrelly*, for plaintiff, argued that it was not universally true that one verdict and judgment in ejectment on an equitable title is conclusive, but only when the object is to compel the surrender or execution of a trust, or to enforce the specific performance of a contract: Peterman v. Huling, 7 Casey 432; Presbyterian Congregation v. Johnson, 1 W. & S. 9.

Titles by warrant and survey are only equitable and will prevail in ejectment against the patent, the legal title, but in none of the numerous cases of this kind was it held that one verdict and judgment were sufficient, except where there was an agreement between the patent-holder and the settlor, that if the latter would make the necessary settlement and improvement the former would convey a portion of the tract.

The real and only question in the case is, whether Abdin Abbott, the defendant, was estopped from asserting his legal title against the plaintiff. This question is presented in the second and third points of plaintiff, but the court below passed it by, and took the ground that the only question was, whether the former judgment between the same parties was a bar to the

plaintiff's recovery. The foundation of plaintiff's claim against Abdin Abbott was his positive acts; and his silence at the time of the purchase by Hall of Ananias estopped him from setting up his legal title. It was not to compel the execution or surrender of a trust, or to enforce the specific performance of a contract.

There was no privity between the parties, and this was the ground of the fifth point. The only contract made was between Hall and Ananias Abbott; nor was it claimed that Ananias had transferred his interest to his brother Abdin. The judgment offered as a bar, negatives the existence of any privity between Abdin and Ananias, and was on the ground that Abdin was a stranger to the transaction between Hall and Ananias.

The position of plaintiff is, that Abdin, Ananias, and another, being joint contractors for some two hundred acres of land, divided it into three parts, each taking a part in severalty; that while Ananias was in possession of his part he sold five acres of it to Hall, and received the purchase-money, Abdin being present encouraging the sale, witnessed the contract, was silent as to his being a joint contractor with Ananias, assisted in giving Hall possession of the five acres, and is thereby estopped from asserting the legal title which he recovered from the executors of Perkins against Hall, and those claiming under him.

*Finney & Douglass*, for defendant.—The only question is, whether the former judgment, between the same parties for the same land, upon an alleged equitable title and claim for specific execution of contract against the holder of the legal title, is a bar to the second action for the same object and the same claim. The court below affirmed this proposition on reason and authority. In everything but the form of proceeding, this was a bill in equity. Ejectment is substituted for a bill in equity, and one judgment on an equitable title was held conclusive in Seitzinger *v.* Ridgeway, 9 Watts 496, although not coupled with any conditions. The Act of May 1841, § 5, Dunlop's Dig. 86, was passed to place these equitable actions on the same footing as others, and changed the rule above mentioned. This was again changed by the Act of 21st April 1846, Purd. 277, which made one verdict conclusive in an action for the purchase-money. In 1850 an act was passed which repealed the resolution of May 5th 1841, and restored the rule to that held in Seitzinger *v.* Ridgeway: Peterman *v.* Huling, 7 Casey 435. The present case is like it, and therefore the ruling of the court below was right.

The plaintiff's first point avers that " the defendant holds the land *in trust* for Hall," &c. His claim is upon an executory contract against the defendant, who holds the legal title. His title is purely equitable, and in England he must have gone into

[Taylor v. Abbott.]

equity for a decree of conveyance. The suit he brought was a substitute for the bill. See Seitzinger v. Ridgeway, 9 Watts 561; Conghanouer v. Bloodgood, 3 Casey 285.

The opinion of the court was delivered, March 3d 1862, by

LOWRIE, C. J.—This agreement shows that Hall bought this land from Ananias Abbott, and paid for it. It is therefore a sufficient title to enable Hall to maintain ejectment under our law against Ananias, though it does contain a covenant for a conveyance. In such an action no conditional verdict can be required, and therefore nothing like a decree in equity for a specific performance, and therefore one verdict against the title is not conclusive. And in a suit against Abdin Abbott, who was no party to the agreement, and who is sought to be reached only by reason of representations which estop him from setting up his own title against that which Hall bought from Ananias, there is no decree in equity needed. Hall, or his vendee, has title enough to try that question, under our law, without any conditional verdict. If Hall had a complete title, lacking only the conveyance, and Abdin Abbott has done anything that estops him from setting up his after-acquired title against it, Hall's vendee may recover against him, though his claim has already been tried and defeated in one action of ejectment.

Judgment reversed, and a new trial awarded.